UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS, | CASE NO. C23-5097 BHS |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE INSURANCE COMMISSIONER, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se Plaintiff Tiffany Recinos's motions to appoint counsel, Dkts. 85 and 92, and her emergency motion to vacate dismissal or remand to superior court, Dkt. 91. The latter motion asks the Court to vacate its prior Order dismissing with prejudice her claims against Insurance Commissioner Kreidler. Dkt. 90. Recinos claims that she can provide any missing documents and, failing that, asks the Court to remand the case to state court. Dkt. 91 at 1. The flaw in Recinos's case against Kreidler was not a lack of documentation; it was a lack of a viable legal theory for holding the commissioner liable for the alleged failings of Recinos's insurance company. Recinos's motion to vacate is DENIED. Her motion to remand does not

ORDER - 1

address that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. That motion too is DENIED.

Recinos's former motions ask the Court to appoint her an attorney to represent her in this case. The first, Dkt. 85, alleges that she has attempted to obtain an attorney, unsuccessfully. It also establishes that she is indigent for purposes of proceeding *in forma pauperis*. *Id.* at 4–5. Recinos filed this action in state court, and thus she did not pay the filing fee in this case; the removing defendant did. Nevertheless, the Court will construe Recinos's motion as an application to proceed *in forma pauperis*. Recinos is indigent and she has stated a plausible claim against Defendant Nationwide. The application to proceed *in forma pauperis* is GRANTED.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotation

marks and alterations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Recinos appears to have some likelihood of success on her claim that Nationwide failed to fully investigate her water damage claim, and it appears there is at the least a bona fide dispute over the extent and cost of the covered repairs. On the other hand, Recinos has not demonstrated any meaningful ability to articulate her claims pro se; she is not an attorney. Recinos's filings demonstrate that she suffers from a variety of maladies and is perhaps disabled, and at the same time her home is damaged the Social Security Administration is seeking from her a repayment of funds she clearly does not have. *See* Dkt. 92.

The Court finds that Recinos has presented the sort of exceptional circumstances that permit the Court to appoint her an attorney. Her motions to that effect, Dkts. 85 and 92, are GRANTED and the Clerk shall identify an attorney or law firm from the Court's Pro Bono Panel to represent Plaintiff Recinos in this case. The scope of the engagement will ultimately be between the attorney and the client.

The case is STAYED pending the appointment of counsel.

IT IS SO ORDERED.

Dated this 3rd day of April, 2023.

BENJAMIN H. SETTLE
United States District Judge