UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE GEN. INS. CO., <br><br> Defendant. | CASE NO. C23-5097 BHS <br><br> ORDER |

THIS MATTER is before the Court on pro se plaintiff Tiffany Recinos's "Motion to Remove Chase Bank Loan on Credit Card: no SOLP," Dkt. 144, Recinos's "Motion to Lift Stay," Dkt. 145, her Motion for Default Judgment, Dkt. 146, her Motion for Lien Releases, Dkt. 148, and her "Motion to Compel Final Divorce Decree and Remove any Fraudulent Annulment." Dkt 151. Recinos has also filed another "complaint," Dkt. 147, and an amended complaint, Dkt. 149. The latter appears to challenge a traffic ticket and penalty on behalf of her minor son.

This case involves one defendant, Nationwide Insurance, and Recinos's claim that Nationwide breached her homeowners' insurance contract. Dkt. 1-1. Nationwide

ORDER - 1

answered that complaint in February 2023. Dkt. 30. In April, the Court granted Recinos's request for appointed counsel and stayed the case pending that appointment. Dkt. 96.

In the case's short five month history, Recinos has filed dozens of motions and other documents, including what appear to be four amended complaints. The motions have been denied as improper or frivolous, and the amended complaints are of no effect because Recinos did not obtain leave of court or Nationwide's agreement to file them (and because the case has been stayed). *See* Fed. R. Civ. P. 15(a)(2). The Court vacated its order at Dkt. 96, but extended the stay so Recinos could obtain counsel on her own. Dkt. 143. She apparently wishes to proceed "pro se all the way," Dkt. 145, and her motion to lift the stay is **GRANTED**. The stay is **LIFTED**.

Recinos's Motion to Remove Chase Bank's Loan on her Credit Card, Dkt. 144, makes no sense in the context of this case. Chase Bank is not a party, and neither this case nor this Court is a forum for Recinos to generally air all her grievances. This case has nothing to do with Recinos's Chase Bank credit card. The motion is frivolous, and it is **DENIED**.

Recinos's motion for a Default Judgment seeks $30 million USD. Dkt. 146. She does not assert or demonstrate that Nationwide is in default. She cannot; Nationwide has already answered her operative complaint, Dkts. 1-1 and 30, and it is not in default. *See* Fed. R. Civ. P. 55. She makes no effort to demonstrate how Nationwide or anyone else owes her $30 million. The motion is frivolous, and it is **DENIED**.

1  Recinos's motion for lien releases, Dkt. 148, again seeks relief against a non-party, Chase Bank. This claim and this entity are not part of this case. The motion is unsupported and improper. It is **DENIED**.

  Recinos's Motion to Compel Final Divorce Decree and Remove any Fraudulent Annulment, Dkt 151, asserts that Recinos's ex-husband secretly annulled their divorce, and asks the Court to confirm that it remains in effect. She also asks the Court to "excommunicate" her from the Mormon/LDS Church to "end their oppression of her." *Id.* at 1. Recinos's ex-husband is not a party and she her complaint asserts no claims regarding her marital status. This Court has no jurisdiction to excommunicate her from her church. The motion is nonsensical, and it is **DENIED**.

  Recinos's amended complaints at Dkts. 147 and 149 were filed without leave of Court or Nationwide's written consent. *See* Fed. R. Civ. P. 15(a)(2). Chase Bank is not a party and her complaints about her credit card have nothing to do with her insurance claim against defendant Nationwide. These amended complaints, Dkts. 147 and 149, are **STRICKEN**. The operative complaint is the one found at Dkt. 1-1, although the claims asserted there against defendant Kreidler have been dismissed with prejudice. *See* Dkt. 90.

  Pro se litigants are not held to the same standard as admitted or bar licensed attorneys. *Haines v. Kerner,* 404 U.S. 519, 521. Pleadings by pro se litigants, regardless of deficiencies, should be judged only by function, not form. *Id.* Nonetheless, a pro se plaintiff is not entirely immune from the rules of civil procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of

procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012); *accord Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

The Court notes that in five months and almost 150 filings, Recinos has rarely addressed, supported, or even articulated her single claim in this case, against the one defendant in this case: her breach of contract claim against Nationwide. Any future motion that does not address that claim or that defendant will be summarily denied. Continued nonsensical, frivolous, unsupported motions or other filings will lead to sanctions, up to and including dismissal of this case. Recinos is pro se, but she is bound by the Rules of this Court, including Federal Rule of Civil Procedure 11 and Local Civil Rule 11. Recinos is free to waste her own time, but she is not entitled to waste the Court's.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2023.

BENJAMIN H. SETTLE
United States District Judge