UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

        Plaintiff,

v.

NATIONWIDE GENERAL INSURANCE COMPANY,

        Defendant.

CASE NO. C23-5097 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Tiffany Recinos's motion to recuse, Dkt. 169. The motion asserts:

> In the above-entitled action against the Insurance Commissioner, Judge BHS has shown lack of impartiality. Plaintiff now moves the court to put Judge BHS on notice and to Recuse (remove) him from this case and possibly just STEP DOWN FROM JUDGSHIP AND RETIRE. A Mandamus and Abuse of Discretion Review are required and Judge BHS refuses to allow justice to be served.

*Id.* at 1 (emphasis removed).

Under the Local Rules of this District, a motion for recusal is addressed first by the presiding judge and, if the judge does not recuse voluntarily, the matter is referred to

ORDER - 1

the chief judge for review. *See* Local Rules W.D. Wash. LCR 3(f). This Court therefore considers Recinos's motion in the first instance.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation omitted); *see also* 28 U.S.C. § 144; 28 U.S.C. § 455. This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). Absent specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge, nor his participation in a related or prior proceeding, is sufficient to establish bias. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not recusal." *Id.*

Recinos makes no specific (or even general) accusation of personal bias or interest in the case; no claim of a conflict of interest, or some prior relationship with her or defendant Nationwide, or any of the other situations she accurately quotes in 28 U.S.C. § 455. Dkt. 169 at 2. Instead, Recinos simply states—based on the Court's rulings in this case—that the Court "has shown lack of impartiality." *Id.* at 1. She alleges not a single fact in support of this claim, and she cannot.

1    The Court will not recuse voluntarily. Recinos's motion to recuse, Dkt. 169, is

2  **DENIED**. Under Local Civil Rule 3(f), this matter is **REFERRED** to Chief Judge David

3  G. Estudillo for review.

4    **IT IS SO ORDERED**.

5    Dated this 8th day of August, 2023.

   
   
   _____
   BENJAMIN H. SETTLE
   United States District Judge