UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE INSURANCE COMMISSIONER,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05097<br><br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 169) |

## I.　　INTRODUCTION

This matter comes before the Court following referral by United States District Judge Benjamin H. Settle (Dkt. No. 171) of Plaintiff Tiffany Recinos' motion for recusal (Dkt. No. 169). For the reasons discussed herein, the Court AFFIRMS Judge Settle's refusal to recuse himself.

## II.　　BACKGROUND

On June 14, 2023, Plaintiff Tiffany Recinos filed a complaint against Mike Kreidler and Nationwide General Insurance Company. (Dkt. No. 15.) In the Complaint, Plaintiff alleges her

insurance claim "was immediately rescinded unjustly with no explanation how to appeal this decision." (*Id*. at 5.) On August 7, 2023, Plaintiff filed the instant motion, requesting Judge Settle recuse himself from this matter. (Dkt. No. 169.) Judge Settle refused to recuse himself, finding Plaintiff had failed to allege he had any specific bias against her. (Dkt. No. 171.)

### III. DISCUSSION

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review. *Id*.

28 U.S.C. § 455(a) provides that a judge of the United States "shall disqualify himself" in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455 further provides the judge must recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). 28 U.S.C. § 144 similarly requires recusal when "a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). A party must timely move for recusal and "[e]nforcing the timeliness of a recusal motion is necessary to prevent litigants from using § 455(a) for strategic purposes." *United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018)

In her motion, Plaintiff argues "Judge BHS has shown [a] lack of impartiality."  (Dkt. No. 169 at 1.)  She asks the Court to "put Judge BHS on notice and to Recuse (remove) him from this case and possibly just STEP DOWN FROM JUDGSHIP [sic] AND RETIRE" because "Judge BHS refuses to allow justice to be served."  (*Id.*)

Plaintiff fails to make specific allegations of bias.  She merely states Judge Settle has "shown [a] lack of impartiality" but provides no evidence as to how he has been impartial.  (Dkt. No. 169 at 1.)  There being no specific allegations of bias, recusal is not appropriate.

### IV.   CONCLUSION

Accordingly, having reviewed the Motion and the remainder of the record, the Court hereby AFFIRMS Judge Settle's refusal to recuse himself (Dkt. No. 171).

Dated this 5th day of September 2023.

David G. Estudillo
United States District Judge