UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>           Plaintiff,<br><br>  v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>           Defendant. | CASE NO. C23-5097 BHS<br><br>ORDER OF DISMISSAL |

THIS MATTER is before the Court on the following motions:

• Pro se plaintiff Tiffany Recinos's motion for leave of Court and for Court-ordered consent to amend her complaint, Dkt. 155;

• Recinos's Motion for a Court Order releasing loans due to lack of service of process, Dkt. 156;

• Recinos's Motion to "review BIIA and EEOC Failures of Judge Wakenshaw and to consolidate all plaintiff's agency actions into one certiorari petition on vicarious liability," Dkt. 160. This motion appears to be filed in the wrong case, as it bears a different caption and cause number. It is **DENIED**.

ORDER - 1

- Recinos's motion to compel the privilege log for this case, Dkt. 166;

- Recinos's motion to recuse Judge RJB, Dkt. 169. This motion appears to be filed in the wrong case, as Judge Robert J. Bryan is not the judge in this case. It is **DENIED**. (Recinos's motion to recuse Judge Settle, Dkt. 169, was denied, Dkt. 171, and affirmed by Chief Judge David G. Estudillo, Dkt. 222).

- Recinos's motion for clarification of SSA disability term date, Dkt. 174;

- Recinos's Final motion for writ of mandamus against the OIC office of appellate operations, appeals council, Dkt. 181;

- Recinos's motion for writ petition for declaratory ruling effectuating RCW 49.17.150, Dkt. 184;

- Recinos's motion to set precedent, normalize telling the truth, Dkt. 188;

- Recinos's emergency motion to compel all documents from Buttes HOA and Total Property Management, Dkt. 195;

- Recinos's motion Rule 12 insufficiency of service of process, superior court hearing/trial on nos. 23-2-04001-1 and 23-2-04002-9, overturn all unserved proceedings' findings, Dkt. 206;

- Recinos's second motion insufficient venue of superior court on nos. 23-2-04001-1 and 23-2-04002-9 requiring their case dismissals secondary to insufficiency of service of process, Dkt. 212;

- Recinos's motion for voluntary dismissal and summary judgment, Dkt. 216; and

ORDER - 2

    •     Recinos's Emergency Motion to Halt Criminal Record without an Arraignment, Dkt. 221. This motion also appears to have been filed in the wrong case; it bears a different cause number and addresses claims and issues not in this case. It is **DENIED**.

In the past month, Recinos has filed an even larger number of additional notices, requests, affidavits, exhibits, letters, reports, and supplements, none of which are proper, none of which make sense, and none of which have anything to do with the issues or parties in this case.

In late July, the Court again warned Recinos to stop wasting the Court's time attempting to litigate matters, issues, and claims that had nothing to do with the single claim in this case: a breach of contract claim against her home insurer, defendant Nationwide General Insurance Company. Dkt. 154. Indeed, Recinos quotes that Order in her motion asking the Court for leave to file an amended complaint (and asking the Court to Order Nationwide to so agree). Dkt. 155 at 2.

Nevertheless, rarely a day goes by that Recinos doesn't file something in this case—she has filed more than 50 separate documents since the Court's warning a month ago.

The Court cannot "order" Nationwide to consent to Recinos amending her complaint, and it will not itself grant leave file an amended complaint, for several reasons. First, the motion is procedurally improper. Under Local Civil Rule 15,

> [a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulated motion and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated

ORDER - 3

1 | motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through
2 | the text to be deleted and underlining or highlighting the text to be added.

3 Local Rules, W.D. Wash. LCR 15. Recinos did not do so, and her motion does not

4 articulate what new claims she seeks to assert against what new parties. Nor does it

5 acknowledge the requirements of Federal Rule of Civil Procedure 15, which governs

6 amended pleadings.

7 Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be

8 freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d

9 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence*

10 *Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation

11 omitted). In determining whether to grant leave under Rule 15, courts consider five

12 factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment,

13 and whether the plaintiff has previously amended the complaint." *United States v.*

14 *Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to

15 the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

16 Futility of amendment can, by itself, justify the denial of a motion for leave to

17 amend. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). A proposed

18 amended pleading is futile if it would be immediately subject to dismissal.

19 Even if Recinos had followed the Rules, the Court would not permit her to amend

20 her complaint in this case to add new claims against new parties that have nothing to do

21 with her breach of contract claim against her insurance company.

22

ORDER - 4

Recinos has filed **24 cases** in this District, this year. There is no reason whatsoever to permit her to turn this case into a catch-all repository for all her grievances, problems, and inconveniences. Recinos's complaints about a Chase Bank loan that she cannot locate or identify are indecipherable. Her apparent fear that her 2011 divorce may have been secretly annulled makes no sense and has nothing to do with this case. Her new complaints about her septic system and her homeowners association have nothing to do with her claim against Nationwide. Her son's traffic ticket has nothing to do with this case. These problems are not related to the claim in this case. Recinos's motions for leave to amend her complaint are **DENIED with prejudice**. None of the amended complaints she has since filed are of any moment.

Recinos's motion to release the unidentified Chase Bank loans due to lack of service of process is similarly difficult to comprehend. Chase Bank is not, and will not be, a party in this case. Her motions related to non-party Chase Bank have nothing to do with defendant Nationwide, and they are **DENIED**.

Furthermore, this Court is not an appellate court, and it has no jurisdiction to order various state superior court judges to do anything; it cannot and will not intervene in Recinos's state court cases. All Recinos's motions seeking some sort of relief in this Court for rulings made in state court are **DENIED**.

Nor does this case have anything to do with Recinos's SSA benefits or any L&I claim, or any of the other matters she apparently asks this Court to address. **All of Recinos's pending motions are DENIED**.

***

The Court has been patient with Ms. Recinos, and it has warned her repeatedly that filings in this case that have nothing to do with this case are a waste of the Court's time. It has told her that if she continues on this path, she faces dismissal. It urged her to focus on the single claim and the single defendant in this case. *See* Dkts. 111, 143, and 154. She refuses to do so. None of the documents and motions and notices and supplements Recinos files in this case each day have anything to do with this case.

Recinos is pro se, but she is bound by the rules that apply to all litigants, and by this Court's orders. She persistently ignores both.

It is now abundantly clear that she has no intention of pursuing the claim she filed at the start of this case, a breach of contract claim against her insurance company. Everything she has filed since has been nothing more than make-work for the Court and its staff. The Court will not continue to entertain these sorts of frivolous, abusive, nonsensical, and counter-productive filings. This matter is **DISMISSED**.

The Clerk shall enter a **JUDGMENT** and close the case. **The Court will not entertain any further filings in this case other than a notice of appeal**.

Additionally, the Court will address in a separate order whether Recinos should be barred under 28 U.S.C. § 1651(a) from further vexatious, harassing, and duplicative filings in this District, absent a pre-filing showing of imminent danger to herself or her property. Recinos will have an opportunity to address that issue before any such order is entered.

**IT IS SO ORDERED**.

1 | Dated this 5th day of September, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7